**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kyle Keller,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Trans Union LLC, *et al.*,<br><br>　　　　　　　　Defendants. | No. CV-15-01318-PHX-JJT<br><br>**ORDER** |

At issue is Defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment (Doc. 70, Mot.), to which Plaintiff Kyle Keller filed a Response (Doc. 72, Resp.), and Defendant filed a Reply (Doc. 74, Reply). The Court elects to resolve the Motion without oral argument. *See* LRCiv 7.2(f).

**I.     BACKGROUND**

On September 1, 2005, Plaintiff opened a second mortgage through GMAC Mortgage for $67,040.00. As of August 2009, Plaintiff owed approximately $64,171.55 on that mortgage. Plaintiff stopped making payments on the loan after January 9, 2009 and GMAC eventually offered to settle the account for $5,293.72. In the offer letter, GMAC indicated that it would view acceptance as "full and final satisfaction of [the] account" and that it would "cancel the Note and/or Credit Agreement." Plaintiff accepted the settlement and paid GMAC on August 27, 2009.

On April 28, 2015, Plaintiff opened a dispute with Defendant regarding the GMAC trade line. Defendant is a consumer reporting agency as that term is defined

under 15 U.S.C. § 1681a(f) and regularly engages in the practice of assembling or evaluating consumer credit information for the purpose of furnishing consumer reports to third parties. As such, Plaintiff requested that Defendant remove the notation that payment was late by 120 days and that the account was "Settled-less than full balance." Plaintiff also requested that the account be reported as "satisfied in full." Plaintiff's dispute included the July 22, 2009 settlement option letter from GMAC and correspondence confirming payment in accordance with those terms.

In response to the dispute, Defendant sent an Automated Consumer Dispute Verification to Ocwen—who had assumed control of the mortgage account from GMAC in the interim—attaching the documents Plaintiff provided. On May 11, 2015, Ocwen responded, maintaining that the account was paid in full for less than the full balance owed.

On May 11, 2015, Defendant provided Plaintiff with the reinvestigation results, which showed that the GMAC Mortgage trade was still reported as "account paid in full for less than full balance." Plaintiff then brought the current action against Defendant, as well as other credit reporting agencies (TransUnion and Equifax) and Ocwen. Plaintiff settled its dispute as to all other Defendants.

## II. LEGAL STANDARDS

### A. Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when: (1) the movant shows that there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

1 A "genuine issue" of material fact arises only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, if it is supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256-57 (holding that the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

"A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *United States v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322). "As a general matter, the plaintiff in an employment discrimination action need produce very little evidence in order to overcome an employer's motion for summary judgment." *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1124 (9th Cir. 2000).

### B. Fair Credit Reporting Act

Congress enacted the FCRA to ensure fair and accurate credit reporting, to promote efficiency in the banking system, and to protect consumer privacy. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009).

"A prerequisite for bringing a claim against a credit reporting agency under either § 1681e or § 1681i is evidence of an inaccuracy in the credit report. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("In order to make out a *prima facie* violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate

information."); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) ("Although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement."); *Banga v. Experian Info. Solutions, Inc.*, No. CV 09–04867 SBA, 2013 WL 5539690, *10 (N.D. Cal. Sept. 30, 2013) ("To the extent Plaintiff's second claim for relief can be construed as alleging a violation of [the FCRA], Plaintiff has failed to cite evidence establishing that Experian prepared a credit report containing inaccurate information about her in violation of the FCRA . . . ."). Thus, to establish a *prima facie* FCRA violation, Plaintiff must prove that at least one Experian consumer credit report or file contained inaccurate or misleading information. A report is "inaccurate" if it contains information that is either "patently incorrect" or "materially misleading." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) (quotation marks omitted). "[A]t the very least, information that is inaccurate 'on its face,' is 'patently incorrect.'" *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1108 (9th Cir. 2012).

### III.   ANALYSIS

#### 1.   Procedural Defects

At the outset, the Court notes that Defendant's Motion repeatedly violates Federal Rule of Civil Procedure 56(c) and Local Rule of Civil Procedure 56.1(e). "Memoranda of law filed . . . in opposition to a motion for summary judgment . . . must include citations to the specific paragraph in the statement of facts that supports assertions made in the memoranda regarding any material fact on which the party relies . . . ." LRCiv 56.1(e). Although Defendant cites to specific exhibits, it does not include citations to its statement of facts as required by federal and local rules. While it is within the Court's discretion to strike portions, or the entirety, of Defendant's procedurally deficient document—particularly when Defendant is represented by counsel—the Court will consider the filings on the merits. Nonetheless, the Court need not "scour the record in search of a genuine issue of [t]riable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see*

1 *also Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) (holding that it would be "unfair" to require the district court "to search the entire record" if a party fails to "disclose where in the record the evidence for [the factual claims] can be found").

### 2. Plaintiff's FCRA Claims

Each of Plaintiff's remaining claims rest on the argument that Defendant compiled and published consumer reports regarding Plaintiff that contained false, misleading, and inaccurate information. (Compl. ¶¶ 28-29, 35-36.)

Defendant contends it is entitled to summary judgment because the reported information was accurate. (Mot. at 3-7.) To support this, Defendant provided a number of exhibits showing that the information investigated and reported—that Plaintiff settled his mortgage account with GMAC for less than ultimate balance—is accurate. (DSOF, Exs. 1-4.) In response, Plaintiff does not dispute the amount paid nor the principal balance that remained, but contends the reported information was inaccurate because it fails to comply with the terms of the GMAC settlement offer. (Resp. at 2-8.) In support Plaintiff provides the settlement letter, which states that the offered terms would serve as "full and final satisfaction" of the account and cancel the Note and/or Credit Agreement. However, Defendant accurately points out that the letter includes no indication of how the debt, or its settlement, would be reported. (Mot. at 5-7.) All of the evidence before the Court confirms that the settlement was accepted in full satisfaction of the loan. Although not salient to the resolution of this Motion or the conduct of Defendant, Plaintiff was absolved of his obligations under the loan as the offer promised.

Ultimately, Defendant allowed the debt to be reported as "settled — less than full balance." The parties do not dispute that the amount paid on the loan was less than the full amount remaining on the mortgage. Plaintiff's cited evidence does not establish a dispute over whether the loan had been settled for anything other than "less than full balance." Plaintiff provides no evidence that the loan principal was completely paid off and relies only on statements that show the mortgage account was settled and that such settlement would be considered "full and final satisfaction." No matter how broad the

1 release provided by GMAC, it does not extend to third-party reporting on the account. Indeed, Plaintiff's Response admits that Plaintiff's payment to GMAC was "all that was required by GMAC to completely and ultimately discharge and render invalid his legal obligation." (Resp. at 7.) That obligation—to GMAC—was discharged and no further payment required. The release agreement—between Plaintiff and GMAC—functions only as a safeguard that neither party will bring future litigation or action against the other on the basis of the closed mortgage account. It covers claims and potential liabilities, not historical representations of how the debt was settled. While Plaintiff's Response contains an exegesis of foundational contract interpretation (Resp. at 3-11), it fails to consider that "it goes without saying that a contract cannot bind a nonparty." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002). While the record avers that Plaintiff was not deprived of any benefit of his bargain with GMAC, any action for breach of that agreement is properly brought against the signatory to that agreement (or its successor), not Defendant. The information reported by Defendant is a history of past-due payments by Plaintiff on the mortgage as well as a settlement of that account. Such information is not a right, claim, action, contract, suit, liability, or other obligation released in the agreement—it is a historical summary of that account.

Further, the purpose of the FCRA precludes Plaintiff's proposed interpretation of the settlement as a bar on Defendant's reporting of delinquent payments and the settlement itself. The FCRA protects the interests of not only consumers but potential creditors with an interest in accurate credit reporting. As an oft-cited Eleventh Circuit opinion provides:

> Congress enacted [the FCRA] with the goals of ensuring that [credit reporting] agencies imposed procedures that were not only "fair and equitable to the consumer" but that also met the "needs of commerce" for accurate credit reporting. Indeed, the very economic purpose for credit reporting companies would be significantly vitiated if they shaded every credit history in their files in the best possible light for the consumer.

- 6 -

*Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1158 (11th Cir. 1991). To allow the settlement to shield Plaintiff from the negative implications and credit history of his mortgage would itself be an inaccuracy in the report and would frustrate the purpose of the FCRA.

At bottom, Defendant provided uncontroverted evidence demonstrating that the full balance of the mortgage—$67,040.00—was not satisfied. The published credit reports were not inaccurate (at least as to the at-issue account). The Court finds no genuine issue for trial exists and Defendant's Motion for Summary Judgment will be granted as to each of Plaintiff's claims.

In bringing an action under § 1681i, Plaintiff also alleges that Defendant failed to conduct a reasonable investigation after receiving notice of Plaintiff's dispute and therefore either willfully or negligently violated the FCRA, causing Plaintiff actual damage. Because Plaintiff has failed to assert facts indicating that Defendant reported inaccurate information, the Court is not required to address the remaining elements of his claim and indeed declines to do so, particularly when such inquiries are typically left for the jury. *See Baker v. Trans Union LLC*, No. CV-10-8038-PCT-NVW, 2010 WL 2104622, at *4 (D. Ariz. May 25, 2010) (to make out a *prima facie* FCRA case, a Plaintiff must first show that "a credit reporting agency prepared a report containing inaccurate information.") (citing *Guimond*, 45 F.3d at 1333); *Grigoryan v. Experian Info. Sols., Inc.*, 84 F. Supp. 3d 1044, 1061 (C.D. Cal. 2014) ("If he fails to satisfy this initial burden, the consumer, as a matter of law, has not established a violation . . . and a court need not inquire further as to the reasonableness of the procedures adopted by the credit reporting agency.") (citing *Cahlin*, 936 F.2d at 1156); *Gauci v. Citi Mortg.*, No. 2:11-CV-01387-ODW, 2012 WL 1535654, at *4 (C.D. Cal. Apr. 30, 2012) ("The reasonableness of the procedures and whether the credit reporting agency followed those procedures will be jury questions in the overwhelming majority of cases.").

## IV. CONCLUSION

Plaintiff's entire argument is based on the notion that the release signed with GMAC prohibits Defendant from reporting a settlement for less than the full amount due and the delinquent payments that preceded it. Plaintiff makes no contention and produces no evidence that the amount charged off or the dates past due are incorrect or that payments were not late. Since the settlement does not affect the reporting of this information, there are no remaining disputed facts about the accuracy of Defendant's reports. Because inaccuracy is a prerequisite to any claim under §§ 1681e-i, Plaintiff fails to establish a *prima facie* case for violations of the FCRA.

**IT IS THEREFORE ORDERED** granting Defendant's Motion for Summary Judgment (Doc. 70).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this matter.

Dated this 3rd day of January, 2017.

Honorable John J. Tuchi
United States District Judge